UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
|  | Case No. 12-41403-MSH |
| CARLOS AND AURY GARCIA, | |
| Debtors | |

**MEMORANDUM OF DECISION ON MOTION OF DEBTORS TO WAIVE FEE FOR REOPENING INDIVIDUAL DEBTOR CHAPTER 11 CASE**

Having successfully completed five years of payments to creditors under their confirmed chapter 11 plan, Carlos and Aury Garcia filed a motion to reopen their "administratively closed" case in order to obtain their bankruptcy discharges pursuant to Bankruptcy Code § 1141(d)(5).[1] They also filed a motion seeking an order waiving the $1167 fee to reopen their case. The motions were unopposed and I allowed them. This memorandum explains why.

I begin with some necessary background. By federal statute, all chapter 11 debtors must pay quarterly fees to the United States Trustee Program ("USTP"), ranging from a minimum of $325 to a maximum of $30,000 depending on their quarterly disbursements. The obligation to pay quarterly fees in chapter 11 cases continues until the case is "converted or dismissed." 28 U.S.C. § 1930(a)(6) (2018).[2] Though closing the case is not an event expressly identified in 28 U.S.C. § 1930(a)(6) as relieving debtors from the quarterly USTP fee obligation, courts, as well as the USTP itself, consider case closure as a termination event because once a case is closed there is no longer the opportunity for conversion or dismissal. *See Schwartz v. Aquatic Dev.*

---

[1] All references to the Bankruptcy Code or Code are to 11 U.S.C. § 101 (2018) *et seq*.
[2] Congress amended this statute in 1996 to remove a provision that terminated a debtor's obligation to pay quarterly fees upon confirmation of the plan. The goal was to increase funding to the USTP. H. Rep. No. 104-196, at 16-17 (1995).

1

*Grp., Inc.* (*In re Aquatic Dev. Grp., Inc.*), 352 F.3d 671, 675 n.4 (2d Cir. 2003) (noting the pendency of a case is a precondition to the assessment of quarterly fees); *In re McLean Assocs.*, 201 B.R. 436, 443 (Bankr. E.D. Va. 1996) (noting that expanding waiver to closed cases is permissible because "Congress simply did not state the obvious"); *see also In re Barbetta, LLC*, No. 11-04370-8-SWH, 2014 Bankr. LEXIS 3121, at *13 (Bankr. E.D.N.C. July 23, 2014) (quoting *In re McLean Assocs.*).

Prior to the passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), all chapter 11 debtors were eligible to receive a discharge upon or shortly after confirmation of a plan of reorganization. In the typical chapter 11 case prior to 2005, once a plan was confirmed, a discharge entered followed in short order by a final decree pursuant to Fed. R. Bankr. P. 3022 and case closure pursuant to Bankruptcy Code § 350. This relieved the debtor of further USTP quarterly fee assessments.

With the passage of BAPCPA, Congress added Code § 1141(d)(5), which postponed discharge of most individual chapter 11 debtors until after completion of all plan payments. *In re Mendez*, 464 B.R. 63, 64 (Bankr. D. Mass. 2011). This change meant that individual debtor chapter 11 cases with confirmed plans, like chapter 13 cases, would remain open until completion of plan payments and the granting of a discharge. *In re Johnson*, 402 B.R. 851, 853 (Bankr. N.D. Ind. 2009). Unlike chapter 13 plans, however, which, pursuant to Code § 1322(d)(1)(C), can never exceed five years, there is no statutory limit on the length of chapter 11 plans. *Id*. Post-BAPCPA, individual chapter 11 debtors faced the prospect of paying USTP fees for years on end, adding significantly to the administrative cost of chapter 11 relief. *See id.* at 855. A seven-year plan, for example, would saddle an individual debtor with quarterly fees, at a minimum, of $9100. Even a five-year plan such as the Garcias' would run up a healthy fee.

2

To remedy what appeared to be an unintended consequence of the BAPCPA amendment, this and a number of courts around the country fashioned procedures to enable individual debtors to close their cases once their plans were substantially consummated and their cases fully administered, typically shortly after confirmation, with the right to seek to reopen them in order to obtain a discharge upon completion of plan payments.[3]  *See In re Mendez*, 464 B.R. at 66 (administratively closing a case subject to reopening upon eligibility for a discharge); *In re Johnson*, 402 B.R. at 857-858 (adopting the process of early closure over the objection of the USTP); *see also* Fed. R. Bankr. P. 3022, advisory committee's note to 1991 amendment (noting courts should close cases upon full administration and listing factors courts should consider when deciding whether a plan is fully administered); Bankr. D.N.H. AO 3022-2 (describing the procedure for closing individual debtor chapter 11 case); E.D. Tenn. LBR 3022-1 (same).

Initially, the USTP opposed the closing of individual debtor chapter 11 cases prior to completion of plan payments, seeing it as nothing more than a fee-dodging device.  The USTP ultimately embraced the idea, however, in part because it recognized that reducing fees could often promote increased creditor recovery.  Walter W. Theus, Jr., *Individual Chapter 11s: Case Closing Reconsidered*, XXIX ABI Journal 1, 62-64 (Feb. 2010).

---

[3] Bankruptcy Code § 1101(2) defines substantial consummation as:
    (A) transfer of all or substantially all of the property proposed by the plan to be transferred;
    (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
    (C) commencement of distribution under the plan.
Fed. R. Bankr. P. 3022 provides that:
    After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case.

Says the adage, "no good deed goes unpunished." As individual debtors with long-term plans began completing them and moving to reopen their cases to receive discharges, they discovered yet another substantial expense lying in wait—a $1167 reopening fee. This brings me to the matter at hand—the Garcias' motion to waive the fee.

Fees in bankruptcy cases are governed by 28 U.S.C. § 1930. The statute establishes a number of fees and authorizes the Judicial Conference of the United States ("JCUS") to prescribe additional ones. 28 U.S.C. § 1930(b) (2018). Armed with its statutory mandate, the JCUS has promulgated the Bankruptcy Court Miscellaneous Fee Schedule (the "Fee Schedule"), which levies a fee of $1167 to file a motion to reopen a chapter 11 case. 28 U.S.C. § 1930 app. (2018). The Fee Schedule also provides, however, that the court may waive the fee under appropriate circumstances and that a reopening fee "must not be charged" in certain instances, including when a party seeks to reopen a case to file a complaint to determine the dischargeability of a debt under Fed. R. Bankr. P. 4007, or when a debtor seeks to reopen based upon a violation of the terms of her discharge. *Id.*; *accord* Massachusetts Local Bankruptcy Rule (MLBR) app. 3 (adopting identical reopening fee waiver rules).

These two mandatory exceptions from the reopening fee have one thing in common— they relate to discharge. This suggests that the JCUS deemed discharge too fundamental an entitlement to inhibit by imposing a fee requirement. If no fee may be charged to reopen a case to enforce a discharge, surely no fee should be charged to reopen a case to obtain a discharge. The Bankruptcy Fee Compendium ("the Compendium"), which sets forth the JCUS's policy on fees, reinforces this conclusion:

> **Exemption for Actions Related to Discharge.** No fee is due if the case is reopened to file an action related to the debtor's discharge. Nevertheless, a creditor must pay the fee for filing the complaint initiating the adversary proceeding. The debtor is exempt from the adversary filing fee if the debtor files the complaint.

4

Bankruptcy Fee Compendium III, Part J, § 1(A)(3), at p. 74 (June 1, 2014 Edition).

The United States Bankruptcy Court for the Western District of Missouri has adopted this approach in its Local Rule 4004-5(B) pertaining to discharge in a closed individual debtor chapter 11 case.[4] The rule states:

> If the case has been substantially consummated, a final decree issued, and the case closed without a discharge, the debtor shall file a motion to reopen the case before filing the motion for entry of a discharge. As the case reopening is for matters related to the discharge, the reopening fee shall be waived.

Bankr. W.D. Mo. L.R. 4004-5(B). This rule embraces an interpretation of the Compendium and Fee Schedule consistent with the objective of allowing debtors to avoid paying a case-reopening fee when the reopening pertains in some way to discharge.

Furthermore, it is arguable that administrative closing is not closing for purposes of triggering a fee to reopen. The term "administrative closing" is not found anywhere in the Bankruptcy Code or Rules. It has been used in reported bankruptcy court decisions in various contexts without acquiring a clearly defined meaning. *See, e.g.*, *In re Danny's Markets, Inc.*, 239 B.R. 342, 349 (Bankr. E.D. Mich. 1999) (discussing the accrual of quarterly USTP fees, and using the term to denote the court's closing of a case as part of its administrative function, while also referring to it as technical closing), *rev'd*, 266 F.3d 523 (6th Cir. 2001); *In re Coomes*, 20 B.R. 290, 291 (Bankr. W.D. Ky. 1982) (dealing with reopening cases to avoid liens and using the term to denote when a case is closed by the court as part of its administrative function); *In re Williams*, 17 B.R. 204, 205-206 (Bankr. W.D. Ky. 1982) (same).

---

[4] The Western District of Missouri bankruptcy court is not alone in adopting a policy or local rule to waive the reopening fee in closed individual debtor chapter 11 cases. *See, e.g.* Bankr. M.D. Fla. Local Rules 3022-1; Bankr. S.D. Fla. L.R. 5010-1(A)(4); E.D. Tenn. LBR 3022-1; Bankr. Wyo. Gen. Order 12-02 (Sept. 12, 2012); *In re Sheridan*, 391 B.R. 287, 290 n.2 (Bankr. E.D.N.C. 2008). It is, however, the only court to explain why.

In the context of individual debtor chapter 11 cases, the concept of administrative closing appears to be a legal construct intended to represent something qualitatively less final than statutory closing. The term appears in our court's Official Local Form 19, which is a form of plan confirmation order in individual debtor cases. Bankr. D. Mass. Official Local Form 19. Official Local Form 19 provides in pertinent part:

> 16. Administrative Closure. The case shall be administratively closed on or after the Effective Date pursuant to the granting of a motion filed by the Debtor after the disposition of claim objections, professional fee applications, and any other pending matter.
> 17. Motion to Administratively Reopen Individual Chapter 11 Case for Entry of Discharge and Final Decree. Upon the completion of Plan payments required to be made to holders of allowed priority and unsecured claim, if the case has been administratively closed, the Debtor shall promptly file a Motion to Administratively Reopen and for Entry of Discharge ("Motion to Reopen"), except to the extent a discharge order already shall have issued pursuant to 11 U.S.C. § 1141(d)(5)(B) or (C) and MLBR 3020-1.[5]

*Id.*[6]

Formal closing under Code § 350 and Fed. R. Bankr. P. 3022 and 5009 represents the denouement of the bankruptcy case. The case is closed and is expected to remain closed. If, thereafter, the case needs to be reopened, a fee would be appropriate. On the other hand, this court administratively closes cases expecting they will be reopened at a later time for entry of a discharge. *See In re Mendez*, 464 B.R. at 65; Bankr. D. Mass. Official Local Form 19. Such

---

[5] The reference to MLBR 3020-1 appears to be a typographical error as no such rule exists.

[6] For other examples of the use of the term "administrative closure" or "administrative closing" in the context of individual debtor chapter 11 cases, see Bankr. M.D. Fla. Local Rules 3022-1; E.D. Tenn. LBR 3022-1; *In re Atna Res. Inc.*, 576 B.R. 214, 220-221 (Bankr. D. Colo. 2017). Other reported decisions which consider closing individual debtor chapter 11 cases to avoid the continued accrual of quarterly USTP fees refer simply to closing or closing with the intention to reopen at a future time. *See In re Necaise*, 443 B.R. 483, 493-494 (Bankr. S.D. Miss. 2010); *In re Johnson*, 402 B.R. at 857-858.

faint-hearted closings are distinguishable from the climactic events generally associated with statutory closings and thus arguably should not require a reopening fee.[7]

Finally, relieving individual chapter 11 debtors seeking a discharge from paying a reopening fee is consistent with the goal of administrative closure—to encourage maximum payments to creditors. *See In re Necaise*, 443 B.R. at 493 (providing that administrative closure "promotes the goals of increasing the likelihood of a successful reorganization by potentially increasing distribution to creditors of the bankruptcy estate resulting from the reduction of such costs"); *In re Johnson*, 402 B.R. at 854 ("The reason for [administrative closure] is to minimize the debtor's expenses by eliminating the ongoing quarterly fees . . . and . . . make a corresponding increase in the distribution to creditors."). Freeing debtors from the burden of paying a reopening fee upon successful completion of plan payments helps further that goal. *See In re* Johnson, 402 B.R. at 857 (in response to an argument by the U.S. trustee that early closure would saddle parties with the added expense of paying a fee if the case needed to be reopened, noting that court may waive reopening fees to relieve parties of the burden). Allowing the waiver of reopening fees in administratively closed individual debtor chapter 11 cases will increase the likelihood of successful reorganization by removing yet another obstacle standing between a debtor and her discharge. *See Necaise*, 443 B.R. at 493 (noting that administrative closure to alleviate a debtor of trustee fees increases the likelihood of successful reorganization).

---

[7] In retrospect, it would seem that the term administrative closing might not have been the clearest formulation to adopt in order to denote something less than final or statutory closing. As indicated previously, courts have used the term to mean different things in other contexts. A more precise signifier might be "provisional closing." Or, as suggested by *Necaise*, 443 B.R. at 494 and *Johnson*, 402 B.R. at 856-857, reference to closing with the option to reopen to obtain a discharge might be the best formulation of all.

7

Some have suggested that it is not up to individual judges to decide what court fees should or should not be waived, arguing the decision lies with Congress or the JCUS. *See In re Kerley*, No. 09-43154-JJR11, 2011 Bankr. LEXIS 4275, at *8 (Bankr. N.D. Ala. Nov. 4, 2011) ("While sympathetic with the debtors regarding the expense of chapter 11 cases, it is up to Congress, and not this Court, to fashion the rules regarding what fees are due and when those fees may be waived."). This approach fails to consider the Fee Schedule's express grant of discretion to courts to waive reopening fees "under appropriate circumstances." 28 U.S.C. § 1930 app. (2018). The reopening of an administratively closed individual debtor chapter 11 case to enable a debtor to obtain her discharge is an appropriate circumstance for waiving the fee.

Given the Fee Schedule's grant of discretion and its express mandate to waive reopening fees when matters of discharge are involved, as well as the qualitative difference in our district between administrative and statutory closing, I find that waiving the reopening fee in this case (and similar cases) is appropriate. For these reasons, the Garcias' motion has been allowed.

Dated: July 20, 2018                                                By the Court,

                                                                                   Melvin S. Hoffman
                                                                                   U.S. Bankruptcy Judge

Counsel Appearing:

| | |
|---|---|
| Marques Lipton, Esq.<br>Parker & Associates<br>Winchester, MA<br>    for the debtors, Carlos and<br>    Aury Garcia<br>Heather Sprague, Esq. | United States Department of Justice<br>Boston, MA<br>    for William Harrington,<br>    United States Trustee |